UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TYRONE YOUNG, individually & as the next friend of Y (1), infant, & IESHA YOUNG individually & as the next friend of  Y 2, an infant and Y3, infants whose names are redacted

Plaintiffs,

v.

CITY OF NEW YORK, JOHN DOES 1-10 and ROBIN SMITH,

Defendants

Case No. 18-5552 (KAM)(ST)

**Amended Complaint**

**JURY TRIAL DEMANDED**

Plaintiffs allege through their attorney Gregory Antollino of Antollino, PLLC, as follows:

1. Plaintiffs are a hardworking, school-going, law-abiding family living in Brooklyn at 765 Vermont Street. Domestic partners Tyrone Sr. and Iesha are unmarried, and their children from different parents are biologically unrelated. Nevertheless they consider themselves and act as a family unit.

2. Y1 is approximately 15; Y2 is approximately 13 and Y3 is about 7.

3. Robin Smith is an unknown individual who – before the incident described herein – made false calls to the police in years past that provoked the police to come to their apartment. Upon information and belief, the incident upon which is the gravamen of this complaint does *not* involve Robin Smith, based upon Tyrone

1

Young's investigation with the NYPD. The police calls stopped years, but Mr. Young was told he could find Robin's name without a subpoena. There is a modest chance that Robin had something to something with the gravamen of the complaint, but discovery will so reveal.

4. Venue is proper in that the events took place in this judicial district.

5. Jurisdiction is proper under 42 U.S.C. § 1983 and ancillary/pendant jurisdiction.

## FACTS UNDERLYING DISPUTE

6. At about 6 AM on March 4, 2018, Tyrone was coming home from his night job. The rest of the family were asleep.

7. While the other four members of the family were present, the police rammed down the doors and with guns pointed with ray guns came into the house without so much as a knock. Everyone was aroused.

8. Iesha got out of bed as the officers were swearing obscenities for them to get on the floor.

9. She asked for a warrant. None was provided, stated it was in hand, nor left behind.

10. Poor Y1, a slight, effeminate teen was placed in handcuffs, but no one else was. He was a risk to no one.

11. For a period of 45 minutes, the officers pillaged the apartment, breaking some electronic items.

12. The family sat terrified as the officers ransacked the apartment until finally they realized there was no contraband.

13. When the officers left, Iesha asked what about the mess the officers had created.

14. One contemptuously said, "Think of it as a spring cleaning" as he left.

15. As the final officer left, he took a brass sword that was hanging on the wall as a form of décor. It was Tyrone's and quite handsome, though it probably couldn't have cut a stick of butter.

16. The officer inspected it, turning it around in his hand, and said, "Nice, I'm taking this."

17. Iesha asked, "Why, is it illegal?"

18. "No," the officer responded, "I just like it." And he left. No one was charged with a crime, and Y1 was released from imprisonment.

19. Tyrone returned home from work to witness a wreck and the sorrow that he could not have been there to protect his family.

20. As a result of the foregoing, plaintiffs have sought therapy and now seek redress.

21. As for Robin Smith, mostly during 2016 (and once in 2018), different police officers visited the family apartment based on 911 calls alleging matters ranging from rape to firearms possession. The list is attached as "Exhibit A."

22. None of the allegations were true, but the police visits were intentionally harassing. Upon information and belief, no employee of the City of New York was responsible for these calls, but plaintiffs bring them as one for their vague similarity and to determine if the person who made these calls was also responsible for the March 4 incident. They seek financial compensation and an injunction that Robin Smith cease and desist.

FIRST CAUSE OF ACTION
42 U.S.C. § 1983
ILLEGAL SEARCH AND SEIZURE

23. Plaintiffs repeat and reallege all previous paragraphs.

24. Plaintiffs at the time and date of the incident were engaged in lawful behavior.

25. The officers, state actors, were not privileged nor were their actions legal, nor were they in possession of a warrant.

26. These acts were a violation of the 4th and 14th Amendments of the U.S. Constitution.

27. As a result of the foregoing plaintiffs have been damaged.

## SECOND CAUSE OF ACTION
## 42 U.S.C. § 1983
## ILLEGAL TAKING

28. Plaintiffs repeat and reallege all previous paragraphs.

29. The sword was decorative and not illegal, not even functional as a weapon – and even if it was, it was legal.

30. The officer who took it, a state actor, took it in violation of the 4th and 14th Amendments of the U.S. Constitution.

31. As a result of the foregoing plaintiffs have been damaged.

## THIRD CAUSE OF ACTION
## 42 U.S.C. § 1983
## FALSE IMPRISONMENT

32. Plaintiffs repeat and reallege all previous paragraphs.

33. Plaintiffs were held in the apartment against their will at the whim of the police.

34. Y1 in particular was handcuffed, even though he weighs about 130 pounds at most.

35. As a result of the foregoing, plaintiffs have been damaged.

## FOURTH CAUSE OF ACTION
## 42 U.S.C. § 1983
## RACE DISCRIMINATION

36. Plaintiffs repeat and reallege all previous paragraphs.

37. Y 1, slight and unbelligerent was placed in handcuffs for the sole reason

5

that he is black. Why else would he, the sole male – as unthreatening as he is – be placed in handcuffs? The officers saw a young black man and acted in a racist manner.

38. Indeed, the entire family was treated with disdain and contempt for their color.

39. As a result of the foregoing, plaintiffs have been damaged.

## FIFTH CAUSE OF ACTION
## TRESPASS

40. Plaintiffs repeat and reallege all previous paragraphs.

41. Plaintiffs at the time and date of the incident were engaged in lawful behavior.

42. The officers were not privileged nor were their actions legal, nor were they in possession of a warrant.

43. Plaintiffs have complied with all conditions precedent pursuant to this claim.

44. As a result of the foregoing plaintiffs have been damaged.

## SIXTH CAUSE OF ACTION
## THEFT/CONVERSION

45. Plaintiffs repeat and reallege all previous paragraphs.

46. The sword was decorative and not illegal, not even functional as a weapon – and even if it was, it was legal.

47. Plaintiffs have complied with all conditions precedent pursuant to this claim.

48. As a result of the foregoing plaintiffs have been damaged.

## SEVENTH CAUSE OF ACTION
## FALSE IMPRISONMENT

49. Plaintiff repeat and reallege all previous paragraphs.

50. Plaintiffs were held in the apartment against their will at the whim of the police.

51. Y3 in particular was handcuffed, even though he weighs about 130 pounds at most.

52. As a result of the foregoing, plaintiffs have been damaged.

## EIGHTH CAUSE OF ACTION
## ROBIN SMITH ONLY
## THIRD PARTY FRAUD and HARASSMENT

53. Plaintiffs repeat and reallege all previous paragraphs.

54. Robin Smith, over a period of over two years, made calls to 911 alleging crimes were taking place in the plaintiffs' home.

55. In each occasion, the police visited the home, and while none of the intrusions were as bad as the one that occurred on March 4, 2018, plaintiffs were inconvenienced by the intrusion.

56. Smith made a misrepresentation or a material omission of fact to 911 on several occasions as set forth on Exhibit A.

57. Each misrepresentation was false and known to be false by the Smith.

58. Each was made for the purpose of inducing the police to rely upon it and harass the plaintiffs

59. The police justifiably relied on the misrepresentation to 911.

60. Plaintiffs were injured in the quiet enjoyment of their home as a result.

61. AS a result, plaintiffs seek compensation and an order of protection of other instrument that Robin Smith be in contempt of court should he or she engage in this action again.

WHEREFORE, Plaintiff respectfully request that this Court find against Defendant as follows:

   a. Compensatory damages;

   b. An order of protection from Robin;

   c. Punitive damages;

   d. Attorneys' fees;

   e. Such other relief as the Court may deem proper.

Dated:   New York, New York
         October 3, 2018

By:*/s/ Greg S. Antollino*
      Gregory Antollino, Esq.
      Principal, Antollino, PLLC
      Attorney for Plaintiff
      275 Seventh Avenue Suite 705
      New York, NY 10001
      (212) 334-7397

Exhibit A

Type
10 - Firearm — 1/12/18
34 - Rape — 9/18/16
34 - Assault — 9/17/16
52F Dispute — 9/10/16
34 - Assault — 9/9/16
52F - OOP — 9/5/16
34 Assault — 9/4/16
52F OOP — 8/25/16
52 Dispute — 8/16/16
39 - Firearm — 8/9/16
34 Firearm — 8/6/16
34 Firearm — 8/6/16
34 Assault — 8/5/16

Sgt Ayres 75 Pct