

**ZACHARY W. CARTER**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
L**AW** D**EPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**CHRISTOPHER D. DELUCA**
*Senior Counsel*
Phone: (212) 356-3535
Fax: (212) 356-3509
Email: cdeLuca@law.nyc.gov

May 2, 2019

**VIA ECF**
Honorable Steven Tiscione
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Tyrone Young, et al. v. City of New York, et al.,
       18-cv-05552 (KAM) (ST)

Your Honor:

I am a Senior Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney representing defendant the City of New York (hereinafter "defendant") in the above-referenced matter. In that capacity, I write in response to plaintiffs' letter motion to compel, filed on April 26, 2019. See Docket Entry No. 19. For the following reasons, defendant respectfully requests that the Court deny plaintiffs' motion to compel in its entirety.

**I.      Plaintiff has failed to comply with Rule 37 of the Federal Rules of Civil Procedure, Local Rule 37.3, and the Court's Individual Practices.**

Regarding discovery motions, pursuant to the Court's Individual Practice Rules, "[p]arties must make a good faith effort, pursuant to Local Civil Rule 26.4 and FRCP 37(a)(1), to resolve disputes, including discussion either by telephone or in person, before making a motion. Failure to comply with this requirement, or to include a certification of such efforts consistent with FRCP 37(a)(1), will result in the denial of the motion. See Individual Practice Rule III(A), Local Rule 37.3, and Fed. R. Civ. P. 37(a)(1). At 9:27 pm. on April 25, 2019, plaintiff's counsel sent the undersigned an email expressing his apparent dissatisfaction with defendant's discovery responses, stating that he would "write Judge Tiscione tomorrow." See Exhibit A. Without even suggesting discussing this discovery dispute by telephone, plaintiffs' counsel filed the instant motion at 8:08 a.m. on April 26, 2019. See Exhibit B. As such, since plaintiffs did not make a

good faith effort to resolve the apparent discovery dispute before seeking the Court's intervention, defendant respectfully requests the Court to deny plaintiffs' motion to compel.

**II.     Plaintiffs' purported need for information regarding the confidential informant does not outweigh the defendant's claim of privilege.**

On March 11, 2019, defendant produced its First Supplemental Disclosures, which included, *inter alia*, a search warrant executed on January 4, 2018 at 765 Vermont Street, in Brooklyn, New York, and the names of multiple members of the NYPD who were involved in executing said search warrant. See Exhibit C. Plaintiffs' counsel sent the undersigned a follow-up email asking, *inter alia*, "to see the affidavit that the judge relied on." See Exhibit D. The undersigned informed plaintiffs' counsel that he must make a formal demand. Id. Plaintiffs did make such a demand, asking for the unredacted version of the search warrant affidavit. See Docket Entry No. 19 at Exhibit A. Upon information and belief, a source of information for the search warrant, which was sworn out by Police Officer Gerard Fenton, does include a Confidential Informant (hereinafter "the CI"). Now, plaintiffs are moving to compel the identifying information of the CI. See id. Defendant deems all identifying information regarding the CI to be protected from disclosure by the law enforcement and/or informer's privilege, because the release of such information could potentially threaten the safety of the confidential informant and interfere with law enforcement investigations. Defendant submits that any relevance of the CI's identification and/or testimony is outweighed by these privileges.

The name of, and any documents regarding a CI are protected from disclosure by the law enforcement privilege, which is also known as the informer's privilege, which, *inter alia*, protects the identity of confidential informants from disclosure in civil and criminal litigation. See Dinler v. City of New York (In re City of New York), 607 F.3d 923, 941 (2d Cir. 2010); see also Rovario v. United States, 353 U.S. 53, 59 (1957) (law enforcement privilege allows the government to withhold from disclosure the identity of informants) (granting writ of mandamus reversing district court's grant of a motion to compel discovery of information about undercover officers). The privilege covers "information that would undermine the confidentiality of sources, information that would endanger witness and law enforcement personnel [or] the privacy of individuals involved in an investigation . . . ." Dinler, 607 F.3d at 944.

"The government has a legitimate public policy interest in preventing the disclosure of the name of confidential informants." Ayala v. City of New York, No. 04. Civ. 1102 (DC), 2004 U.S. Dist. LEXIS 25330, at *2 (S.D.N.Y. Dec. 16, 2004) (citing Roviaro, 353 U.S. at 64). "The Second Circuit has recognized that the government's interest in protecting the anonymity of informants who furnish information regarding violations of law is strong because withholding an informant's identity improves the chances that such a person will continue providing information and encourages other potential informants to aid the government." United States v. Barret, 824 F. Supp. 2d 419, 441 (E.D.N.Y. 2011) (denying motion to compel confidential informant information) (citations and quotations omitted).

Although the privilege is qualified and may be overcome upon an adequate showing, there is a "strong presumption against lifting the privilege." Dinler, 607 F.3d at 945. For these reasons, where, as here, the informant's privilege applies, the plaintiff bears the burden of establishing that "the information sought is *both relevant and essential* to the presentation of

his case on the merits . . . and that the need for disclosure outweighs the need for secrecy." Cullen v. Margiotta, 8ll F.2d 698, 716-17 (2d Cir. 1987) (emphasis added); see also United States v. Jimenez, 789 F.2d 167, 170 (2d Cir. 1986) (even where CI was participant in crime alleged in a criminal prosecution, disclosure of identity and interview of CI not required); Barret, 824 F. Supp. 2d at 441 (speculation that the information will assist is not sufficient). "Disclosure should not be directed simply to permit a fishing expedition . . . or to gratify the moving party's curiosity or vengeance, . . . but only after the trial court has made a determination that plaintiff's need for the information outweighs the defendant's claim of privilege." In re United States, 565 F.2d 19, 23 (2d Cir. 1977).

Here, the requested disclosure could compromise the CI's safety and law enforcement interests. The NYPD keeps the identity of CIs strictly confidential, and even within the NYPD, the identity is disseminated only on a need-to-know basis. Additionally, plaintiffs have not demonstrated how the identity of the CI would be relevant and essential to the presentation of their case on the merits. Plaintiffs' purported need for disclosure is based on mere speculation. Plainitffs' merely state that the identity of the CI who provided information "to the Officer who applied for the warrant . . . would allow me to examine its quality." See Docket Entry No. 19. However, plaintiffs could achieve this goal through other means. For example, a routine deposition of the officer who provided the affidavit for the search warrant would allow plaintiffs to examine the search warrant's quality. As such, plaintiffs' purported need for information regarding the confidential informant does not outweigh the defendant's claim of privilege, and their motion should be denied.

**III.      Plaintiffs' request for another extension of time to amend the First Amended Complaint should be denied.**

As an initial matter, plaintiffs' counsel did not contact the undersigned regarding an additional extension of time to amend the Complaint a second time, which again, is in direct violation of the Court's Individual Practices. See Individual Practice Rule I(D). Contrary to their allegations, plaintiffs have been in a position "to particularize the claims they assert" since March 11, 2019 when multiple members of the NYPD who were involved in executing the search warrant were identified. See Exhibit C. The disclosure of the identity of the CI is in no way hindering plaintiffs' ability to amend their Complaint a second time. Additionally, the undersigned was forced to request an additional extension to answer the First Amended Complaint (hereinafter "FAC"), as plaintiffs' counsel incorrectly provided the wrong date of the alleged incident in their initial pleading. See Docket Entry No. 11. As such, plaintiffs' counsel had to provide new releases, which hindered the undersigned's ability to identify relevant officers involved in this action. As such, since plaintiffs' counsel's inability to correctly allege facts in his own pleading in essence hindered his ability to timely amend the FAC, and since he has been in possession of the identities of officers involved in this matter since March, his request to amend the Complaint again should be denied.

**IV.      Conclusion.**

For the foregoing reasons, defendant respectfully request that the Court deny plaintiffs' motion to compel in its entirety.

Thank you for your consideration in this matter.

3

                                          Respectfully submitted,

                                                /s/
                                        Christopher D. DeLuca
                                        Senior Counsel
                                        Special Federal Litigation Division

cc:      Gregory Antollino, Esq. (By ECF)
         Attorney for Plaintiffs